60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Eugene PRICE, Plaintiff-Appellant,
v.
Larry FIELDS, Director of Oklahoma Department of
Corrections; Oklahoma Department of Corrections; Jerry
Johnson, Deputy Director; Bobby Boone, Warden, Mack Alford
Correctional Center; James Saffle, Regional Director
Southeast Division of Department of Corrections; Charles
Callicoat, Business Manager, Mack Alford Correctional
Center; Pam Leuty, Trust Fund Officer, Mack Alford
Correctional Center, Defendants-Appellees.
 No. 95-7037.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Michael Eugene Price (Price), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's dismissal of his civil rights complaint.
 
 
 3
 On October 29, 1993, Price filed this civil right action pursuant to 42 U.S.C.1983, seeking compensatory and punitive damages and injunctive relief. The complaint alleged that constitutional violations occurred when: (1) the Oklahoma Department of Corrections, Larry Fields, Jerry Johnson, and James Saffle, failed to adequately train and supervise their employees, Charles Callicoat and Pam Leuty, who conspired to deny him equal protection and due process; (2) Charles Callicoat, Pam Leuty, and Bobby Boone conspired to suppress his First Amendment right to petition the government for redress of grievance; and (3) Charles Callicoat and Pam Leuty conspired to deprive him of access to the courts.
 
 
 4
 On January 27, 1995, the district court dismissed Price's complaint pursuant to 28 U.S.C.1915(d) on the grounds that the complaint was without merit and lacked an arguable basis either in law or fact. In addition, the district court concluded that:
 
 
 5
 [t]o the extent defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well-settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. Kentucky v. Graham, 473 U.S. 159, 165 (1985).
 
 
 6
 (R., Vol. I at Tab 40).
 
 
 7
 On appeal, Price reargues his claims and alleges that the district court erred in granting summary judgment in favor of the appellees.
 
 
 8
 We have reviewed the record and the briefs. We affirm for substantially the reasons set forth in the district court's Order of January 27, 1995.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470